No. 103
### BLACKMAN, et al. v. IAMS
Ohio Appeals, 6th Dist., Wood Co.
No. 320. Decided Dec. 8, 1924

465. ERROR—Reviewing court cannot reverse twice upon ground that verdict is against weight of evidence.

CHITTENDEN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

This is an action brought by Iams against Blackman and others upon a written instrument. By the terms of the written instrument Iams agreed to sell a stallion to Blackman and others for $2400, which was to be represented by 12 shares, for which the defendants agreed each to pay $200 per share for the stallion. Payment was to be made in cash, or one-third in one year, one-third in two years and one-third in three years. The defendants claimed a discharge. The case was tried before three juries, each trial resulting in a judgment in favor of Iams. The first two judgments were against the defendants jointly. These judgments were reversed by the court of appeals and the cases retried. At the retrial the jury found against the defendants severally. In affirming the judgment, the court of appeals held:

1. Under 11577 GC. a reviewing court cannot reverse a judgment against the same party in the same case twice upon the ground that the verdict and judgment are manifestly against the weight of the evidence.

Attorneys—F. P. Riegle, for Blackman, et al; E. M. Fries, for Iams; both of Bowling Green.

No. 104
### O'CONNOR v. MACKEY et al
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5354. Decided Nov. 24, 1924

956. PRIVITY—Where relation does not exist between workman and owner, the latter is not liable for damages to former.

694. KNOWLEDGE—In instant case agreement to repair defective coping held not to constitute knowledge of defect under circumstances.

VICKERY, P. J.

Epitomized Opinion
Published only in Ohio Law Abstract

This action was begun in the Cuyahoga Common Pleas. In it O'Connor sought to recover damages for injury sustained by him from Mackey, the owner of a building .upon which he (O'Connor) had been working. Evidence brought out that Mackey had let a contract for painting his apartment to Platt, who sublet the painting of the high parts of the building to Owens; and O'Connor was a workman of Owens. Judgment in Common Pleas was for Mackey.

O'Connor maintained that he had a right to recover because the coping of the building upon which he had hooked his scaffolding had, first, a hidden defect, and second, an obvious defect, of which Mackey should have known. The evidence does not disclose, however, that Mackey had knowledge of the defect, either apparent or hidden, except that Owens advised him to have the coping pointed up, which Mackey agreed to do. In any event, O'Connor had moved his scaffolding several times before the accident occurred.

In the opinion of the Court of Appeals the only contract Mackey made and that Platt made, with Owens, was to have the work done. Platt being an independent contractor and Owens an independent sub-contractor, as a result no privity existed between Mackey and O'Connor. The manner of doing the work and attaching the appliances were left to the judgment of the man who did the work. Under the circumstances, the judgment of the Common Pleas was affirmed.

Attorneys—For O'Connor, Jacob DeKaiser and M. C. Harrison; for Mackey, Hine, Flory & Thompson and Paul Howland; all of Cleveland.